IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUAN MARK JONES,            :
#10579-003,               :
     Petitioner,        :
                         :   CRIMINAL NO. 09-00017-KD-B
vs.                      :   CIVIL ACTION NO. 14-00008-KD-B
                         :
UNITED STATES OF AMERICA,   :
                         :
     Respondent.        :

## REPORT AND RECOMMENDATION

Pending before the Court is Juan Mark Jones' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 105), and the Government's Response in Opposition. (Doc. 108). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b) of the Rules Governing Section 2255 Cases and is now ready for consideration.[1] Having carefully reviewed the record, the undersigned finds that no evidentiary hearing is necessary for the disposition of this matter.[2]

---

[1] The Honorable United States District Judge Kristi K. DuBose presided over the guilty plea hearing and sentencing in this action. The undersigned has reviewed Petitioner's motion and all other relevant documents in the Court's file and has fully familiarized herself with the proceedings before Judge DuBose.

[2] A district court is not required to hold an evidentiary hearing every time a § 2255 petitioner simply asserts a claim of ineffective assistance of counsel. Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) ("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required when the

Upon consideration, the undersigned hereby recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be **DENIED**, that this action be **DISMISSED**, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Juan Mark Jones. The undersigned also recommends that should Jones file a certificate of appealability, it should be denied as he is not entitled to appeal *in forma pauperis*.

## I.   PROCEDURAL BACKGROUND

On January 29, 2009, Juan Mark Jones was indicted on the following charges: (1) conspiracy to manufacture methamphetamine; (2) conspiracy to possess pseudoephedrine; (3) possession of pseudoephedrine; (4) using and carrying a firearm during and in relation to drug trafficking; (5) possession of pseudoephedrine; (6) manufacturing methamphetamine; (7) conspiracy to possess pseudoephedrine; (8) manufacturing methamphetamine; and (9) using and carrying a firearm during and in relation to drug trafficking.[3] (Doc. 1). Attorney Cindy Powell was appointed to represent Jones on February 11, 2009 and on March 19, 2009, Jones entered into a counseled and negotiated

---

petitioner's allegations are affirmatively contradicted by the record.") (citation omitted).

[3] Count ten detailed the forfeiture count against Jones.(Doc. 1).

plea agreement.[4]   (Docs. 15, 18).   In the plea agreement, Jones agreed that he would plead guilty to count one (drug conspiracy), which carried a maximum penalty of 10 years to life imprisonment, count four (possession of firearm during and in relation to drug trafficking), which carried a mandatory consecutive five year term of imprisonment, and count nine (possession of firearm during and in relation to drug trafficking), which carried a mandatory consecutive 25 year term of imprisonment. (Docs. 18, 19)

Jones also agreed to waive his right to appeal or collaterally attack his sentence in "any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255" unless the sentence imposed a punishment in excess of the statutory maximum or the sentence constituted an upward departure from the guideline range. (Doc. 18 at 10-11). Jones also reserved his right to file claims based on ineffective assistance of counsel. (Id.).   In return, the Government agreed that it would not bring any additional charges related to the facts underlying the Indictment against Jones and that it would move to dismiss the remaining counts at sentencing. (Doc. 18 at 5-8).   The Government also agreed that if, in its sole discretion, Jones provided substantial assistance in the

---

[4] Attached to the plea agreement was a factual resume that outlined the elements of the offenses and the facts supporting Jones' plea to the offenses. (Doc. 18 at 13-28).

investigation or prosecution of another criminal defense, the Government would move for a downward departure in accordance with U.S.S.G. § 5K1.1 or would file a Rule 35 motion pursuant to the Federal Rules of Criminal Procedure. (Id.). The Government further agreed that if Jones' cooperation did not amount to substantial assistance, as determined by the Government, the Government would recommend that Jones be sentenced at the low end of the sentencing guidelines range. (Id.)

On March 19, 2009, Jones pled guilty before United States District Judge Kristi Dubose. (Doc. 19). During the guilty plea hearing, Jones was placed under oath and Judge DuBose questioned him regarding the voluntariness of his plea. Jones testified as follows:

> THE COURT:  All right. Mr. Jones, I need to ask you some questions to determine whether you are competent to plea and whether this is a voluntarily plea [sic].
>
> . . .
>
> THE COURT: Had any problem communicating with your attorney?
>
> DEFENDANT JONES: No ma'am.
>
> THE COURT: Are you fully satisfied with her advise[sic] and representation in this case?
>
> DEFENDANT JONES: Yes, ma'am.
>
> THE COURT: Did she go over the charge and explain it to you?
>
> DEFENDANT JONES: Yes ma'am.

. . .

THE COURT: Okay. You are pleading guilty pursuant to a plea agreement. Did any — did you read that plea agreement before you signed it?

DEFENDANT JONES: Yes ma'am.

THE COURT: Did you go over it with your attorney?

DEFENDANT JONES: Yes, ma'am.

THE COURT: Has anybody promised you [] anything that is not included in that written plea agreement.

DEFENDANT JONES: No, ma'am.

THE COURT: Now, the maximum penalties in your case, include Count One, is ten years to life.  That's a mandatory minimum of ten years, four million dollar fine, five years supervised release and hundred dollars special assessment. You understand that?

DEFENDANT JONES: Yes ma'am.

THE COURT: All right. In addition to that, count four carries a penalty of an additional five years penalty, mandatory consecutive to that ten years.  You understand that?

DEFENDANT JONES: Yes ma'am.

THE COURT: And Count Nine carries an additional 25 years penalty, do you understand that?

DEFENDANT JONES: Yes ma'am.

THE COURT: In addition and consecutive to the ten, five, and the twenty-five.

DEFENDANT JONES: Yes ma'am.

THE COURT: You understand that?

DEFENDANT JONES: Yes ma'am.

THE COURT: So what we are talking about here is if

> there is not substantial cooperation, when you walk in
> here I have no authority except to give you forty
> years.
>
> DEFENDANT JONES: Yes, ma'am.
>
> THE COURT: And the only way around that is if the
> government, and government means the prosecutor comes
> in and files a motion saying he has substantially
> assisted the court, excuse me, the government, the
> prosecution?
>
> DEFENDANT JONES: Right.

(Doc. 94). The Court accepted Jones' guilty plea and found that
he was fully competent and capable of entering an informed plea
and that his plea of guilty was knowing and voluntary. (Id. at
10). Jones' sentencing was set for June 18, 2009. (Id. at 11).

At the request of the parties, Jones' sentencing hearing
was postponed several times. (Docs. 22, 25, 33, 38, 42, 45, 53,
66, 70). In December 2010, Cindy Powell requested and was
granted permission to withdraw as Jones' attorney because
subsequent to Jones' guilty plea in March 2009, Powell, in
September 2009, began representing an individual whom Jones
later implicated during a debriefing session. (Doc. 46). Upon
learning of the conflict, Powell sought permission to withdraw
in December 2010.(Id.) Jones' substitute counsel filed a motion
to withdraw Jones' guilty plea on the ground that the Government
had breached the plea agreement and acted in bad faith by not
filing a motion for a sentence reduction pursuant to Sentencing
Guideline Rule 5k1.1. (Doc. 57). Following a hearing on June 24,

2011, the motion was denied. (Doc. 64). Jones' substitute counsel filed a second motion requesting specific performance and again argued that the Government had acted in bad faith by not filing a motion for a sentence reduction based on Jones' substantial assistance. (Doc. 79).

Jones' sentencing hearing was conducted on August 12, 2011, and after hearing from the parties, the Court denied Jones' motion for specific performance. (Doc. 79). According to the Court, Jones failed to carry his burden of establishing that the Government acted with an unconstitutional motive. (Doc. 96). The Court found that the Government presented a rational reason for its decision not to file a request for a sentence reduction pursuant to Sent. Guideline Rule 5K1.1. (Id.).

The Court sentenced Jones to a total sentence of 480 months, which consisted of a consecutive prison sentence of 120 months on count one, a consecutive prison sentence of 60 months on count 4, and a consecutive prison sentence of 300 months on count 9. (Docs. 79, 96). Notwithstanding the fact that the recommended guideline range was 570 months, the Court found that the mandatory minimums adequately satisfied the goals set fourth in 18 U.S.C. § 3553(a). (Doc. 96).

Jones appealed his conviction and sentence and argued that: (1) the district court erred in denying his motions to withdraw his guilty plea and for specific performance, (2) the factual

basis supporting one of his firearm offenses was insufficient and (3) his counsel provided ineffective assistance. (Doc. 101). The Eleventh Circuit rejected Jones' first two claims, and declined to reach his ineffective assistance of counsel claims. The Court observed that ineffective assistance claims are properly raised in a collateral attack under 28 U.S.C. § 2255 as opposed to a direct appeal. The Court affirmed Jones' convictions and total sentence on July 9, 2012. His petition for rehearing was denied on September 12, 2012. (Docs. 101, 102).

Jones filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on December 22, 2013. [5] (Doc. 105). In his petition, Jones raises the following claims: (1) his attorney improperly advised him that he would get a lower sentence by pleading guilty and as a result, his guilty plea was involuntary; (2) his attorney was ineffective because she did not file a motion to suppress evidence; (3) his attorney did not attend several debriefings, and as a result, she was ineffective because she had a conflict of interest during her representation of him; and (4) the Government breached their

---

[5] Although the instant petition was received by the Clerk's Office on January 10, 2014, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

plea agreement because they did not file for a downward departure of his sentence based on his substantial assistance. (Doc. 105).

In its response in opposition to Jones' petition, the Government argues that Jones' petition is due to be denied because his claims are frivolous and without merit. Specifically, the Government argues that Jones cannot show that his attorney's performance was deficient, nor that he suffered any prejudice because of the alleged deficient performance. Thus, he cannot meet the standard required by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

## II. DISCUSSION

### A. Habeas Standard

The limited scope of habeas relief is well established, as this Court has recognized:

> Collateral relief is an extraordinary remedy which "may not do service for a[ ] [direct] appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); see also Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Frady, 456 U.S. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Consequently, "[i]f

issues are raised and considered on direct appeal, a
defendant is thereafter precluded from urging the same
issues in a later collateral attack . . . A defendant
is, of course, entitled to a hearing of his claims,
but not to duplicate hearings. The appellate process
does not permit reruns." <u>Moore v. United States</u>, 598
F.2d 439, 441 (5th Cir. 1979).

<u>United States v. Evans</u>, 2008 U.S. Dist. LEXIS 59836, *8-9 (S.D.
Ala. August 4, 2008) (quotation marks in original).

**B. Ineffective Assistance of Counsel**

Jones' first three claims involve the alleged ineffective
assistance of his trial counsel. As noted supra, Jones contends
that his initial attorney, Cindy Powell, was ineffective for the
following reasons: (1) his attorney improperly advised him that
he would get a lower sentence by pleading guilty and as a
result, his guilty plea was involuntary; (2) his attorney was
ineffective because she did not file a motion to suppress
evidence; and (3) his attorney did not attend several
debriefings, and as a result, she was ineffective because she
had a conflict of interest during her representation of him.
"Ineffective assistance of counsel claims are governed by the
standard set forth by the Supreme Court in <u>Strickland v.</u>
<u>Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984)." <u>Green v. Nelson</u>, 595 F.3d 1245, 1249 (11th Cir. 2010).
"An ineffective assistance claim has two components: A
petitioner must show that counsel's performance was deficient,
and that the deficiency prejudiced the defense." <u>Wiggins v.</u>

10

Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing Strickland, 466 U.S. at 687).   To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688).

The two part Strickland standard applies to challenges to the validity of guilty pleas based on claims of ineffective assistance of counsel.   See Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).   Because the failure to demonstrate either deficient performance or prejudice is dispositive of the claim, courts applying the Strickland test "are free to dispose of ineffectiveness claims on either of [Strickland's] two grounds." Oats v. Singletary, 141 F.3d 1018, 1023, 1998 U.S. App. LEXIS 10123, 11 Fla. L. Weekly Fed. C 1360 (11th Cir. 1998). "[U]nder the exacting rules and presumptions set forth in Strickland, 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" Windom, 578 F.3d at 1248 (citations omitted).   Based upon a careful review of Jones' petition and the record evidence, the undersigned finds that Jones has failed to demonstrate that his counsel provided ineffective representation.

In his first claim, Jones argues that his attorney was

ineffective because she improperly advised him that his sentence would be lower than the minimum mandatory 480 months if he pled guilty.  To support this claim Jones states, "[w]hen I received my P.S.I. and it said 480 month minimum mandatory I was not happy.  She said that the D.A. refused to drop count 9, but for me not to worry that it wouldn't be that much at sentencing. I believed her but I shouldn't have." (Doc. 105 at 4).   To demonstrate ineffective assistance of counsel, Jones must show that his attorney's performance was deficient and that his case was prejudiced as a result. Assuming *arguendo,* that Jones could show that his attorney's performance was deficient in advising him to plead guilty, he is unable to demonstrate that he suffered prejudice because of it.   When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must show that there is a reasonable probability that, but for counsel's mistakes, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59; Esslinger v. Davis, 44 F.3d 1515, 1529 (11th Cir. 1995). In his habeas petition, Jones acknowledges that before he pled guilty, he received the Presentence Investigation Report that stated he could potentially serve a mandatory minimum of 480 months. (Doc. 105 at 4).  Also, in the factual resume attached to his written plea agreement, and at the guilty plea hearing, Jones acknowledged that the Government could prove the

underlying facts in the factual resume against him. (Docs. 18, 94).

At the guilty plea hearing, Jones acknowledged that he was fully satisfied with his attorney's representation and that he read the plea agreement before he signed it.  He also stated that no one had promised him anything that was not included in his written plea agreement. (Doc. 94 at 3-4).  In addition, Judge DuBose explicitly explained to Jones the possible penalties he faced if convicted, and made clear that if there was not substantial cooperation, then she would have no authority except to give him 40 years, and that it would be up to the Government to file something saying that he provided substantial assistance. (Doc. 94). Judge DuBose noted that "[a] lot of times defendants don't understand this and they will write me letters and tell me all of these things about themselves and their family . . . without that substantial assistance motion I do not have discretion to go outside the minimum mandatory in this case." (Id. at 5).  Jones acknowledged that he understood the penalties that could potentially be imposed and that without a substantial assistance motion, the court did not have discretion to go outside of the minimum mandatory sentence. (Id. at 5-6).  This record evidence clearly shows that Jones was fully aware of the potential sentence he faced, and that he entered into his plea of his own volition.

Thus, the undersigned finds that his guilty plea was knowing, intelligent, and voluntary. See Langford v. U.S., 2009 U.S. Dist. LEXIS 127453, *25 (S.D. ALA. Oct 22, 2009) (unpublished) ("Mere disappointment that a court imposed a harsher sentence tha[n] what one hoped for is not the proper basis for a motion to vacate."). The undersigned likewise finds that Jones' contention that his counsel was ineffective for improperly advising him to plead guilty is without merit. For this reason, Jones is not entitled to relief on this claim.

Jones' second claim of ineffective assistance is that his attorney failed to file a motion to suppress evidence. (Doc. 105 at 5). Aside from the vague and conclusory assertion that, "[s]he never did anything positive to help my case," Jones has failed to offer any facts to support this claim. (Id.). He has not given any details or specific information regarding which evidence should have been suppressed and why his attorney was ineffective for failing to file a motion to suppress such evidence. See Randolph v. McNeil, 590 F.3d 1273, 1276 n.1 (11th Cir. 2009) (holding that "conclusory assertions" will not support a claim of ineffective assistance of counsel); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (same); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (addressing the issue in the context of 28 U.S.C. § 2254); Story v. United States, 2012 U.S. Dist. LEXIS 26031, 2012 WL 671677, at *4 (S.D.

14

Ala. Jan. 31, 2012) (rejecting § 2255 claim of ineffective assistance where movant had not indicated what a more thorough investigation by his attorney would have revealed or how any supposed discovery would have been fruitful in his case). Thus, Jones is not entitled to relief on this claim.

In his third argument, Jones asserts that his counsel was ineffective because she did not attend several of his debriefings with the Mobile County Sheriff's Office, and that this " led to her representing someone that was a part of my case which therefore put her in conflict of interest and resulted in her[] no longer being able to represent me." (Doc. 105 at 7). Where an ineffective assistance claim alleges a conflict, "a defendant must show first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." Pegg v. United States, 253 F.3d 1274, 1277 (11th Cir. 2001); see also, Mickens v. Taylor, 535 U.S. 162, 172 n.5 (2002). To prove that he was adversely affected, a habeas petitioner must show three elements: "(1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative defense strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense" in order to prove adverse effect." Pegg, at 1278.

In this case, Jones seems to assert that but for his attorney's conflict, he would not have pleaded guilty and would have proceeded to trial. However, the record reflects that Jones elected to enter a guilty plea long before any conflict arose. Indeed, the record reflects that Jones pled guilty on March 19, 2009, that Attorney Powell assumed representation of another individual in September 2009, and that in later debriefings, Jones sought to provide information against her other client. Given that Jones had already pled guilty *before* Attorney Powell assumed representation of the other individual, and before Jones implicated the individual during a debriefing session, he cannot establish that the conflict had any bearing on his decision to enter a guilty plea, or that his attorney was in any way ineffective in dealing with a conflict that did not exist at the time of his guilty plea. Accordingly, Jones is not entitled to relief on any of his ineffective assistance of counsel claims.

In Jones' final argument, he contends that the Government breached his plea agreement by "refus[ing] to file the motion of downward departure that was part of [his] plea." (Doc. 105 at 8). This claim is procedurally barred because it has already been addressed and denied by the Eleventh Circuit. (Doc. 101). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack

under section 2255. (quotations and citation omitted).  United States v. Nyhuis, 211 F.3d 1340, 1343, 2000 U.S. App. LEXIS 10886, 6, 13 Fla. L. Weekly Fed. C 662 (11th Cir. 2000). See also Rozier v. United States, 701 F.3d 681, 684, 2012 U.S. App. LEXIS 24129, 8, 23 Fla. L. Weekly Fed. C 1685 (11th Cir. 2012) ("At least where there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding.").  In Jones's direct appeal, the Court held:

> [i]nsofar as Jones sought relief based on a perceived breach of his plea agreement, no such "breach" occurred . . .  [i]rrespective of Jones' subjective intent at the time he signed the plea agreement, given the agreement's written terms—as well as his denial at his plea hearing that he was promised anything outside of the written plea agreement—he failed to demonstrate that when he was induced, as a matter of law, to plead guilty by a promise that he would receive a substantial-assistance reduction.

Jones' breach of claim is procedurally barred.  Thus, he is not entitled to relief on this claim.

### III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an

applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)], includes showing that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Jones' claims do not warrant the issuance of a Certificate of Appealability.  Reasonable jurists could not debate whether Jones' claims alleging ineffective assistance of counsel and breach of plea agreement should be resolved in a different manner or deserves to proceed further.  The recommendation that Jones' claims be denied is based on the straightforward application of clear Circuit precedent, and no reasonable jurist could differ on the appropriate disposition of his claim on the record presented.  It is thus recommended that the Court deny any request for a Certificate of Appealability.

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 105) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Juan Mark Jones.  The undersigned Magistrate Judge further opines that Jones is not entitled to

issuance of a Certificate of Appealability.

The attached sheet contains important information regarding objections to this Report and Recommendation.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **1st** day of **March, 2016.**

$$\text{/s/ SONJA F. BIVINS}$$
                                    **UNITED STATES MAGISTRATE JUDGE**