IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00017-KD-B |
| | ) |
| JUAN MARK JONES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Juan Mark Jones' Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), evidence in support, and Amendment (doc. 114, 117), the United States' response (doc. 118), and Jones' medical records (under seal) (doc. 120). Upon consideration, and for the reasons set forth herein, the Motion is GRANTED. Defendant Jones' sentence is reduced to time served, subject however to the following provisions:

> This Order is stayed for up to 14 days for verification of Jones' residence, release plan, travel arrangements, and ensure his safe release. Jones shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made.

Jones' Judgment in a Criminal Case (doc. 82) shall be amended to include as a Special Condition of Supervised Release that Jones shall serve the first year of supervision on home incarceration **with electronic monitoring.** Jones shall be home 24 hours per day except for medical necessities, court appearances, or other activities specifically approved by the Court.

In all other respects, the Judgment remains in full force and effect.

I.  Background

In 2009, Jones was indicted and charged with conspiracy to manufacture methamphetamine (Count One), conspiracy to possess pseudoephedrine (Count Two), possession of pseudoephedrine (Count Three), use and carry firearms during and in relation to possession of pseudoephedrine as

charged in Count Three (Count Four), possession of pseudoephedrine (Count Five), attempt to manufacture methamphetamine (Count Six), possession of pseudoephedrine (Count Seven), attempt to manufacture methamphetamine (Count Eight), use and carry firearms during and in relation to a possession of pseudoephedrine (Count Nine), and forfeiture of the firearms (Count Ten) (doc. 1). Jones pled guilty to Counts One, Four and Nine (docs. 18, 19).

Jones' total offense level was 37 and his criminal history category was I. His sentencing guidelines ranges were calculated as 210 to 262 months for Count One, the statutory minimum of 60 months for Count Four and the statutory minimum of 300 months for Count Nine. Jones was sentenced to a total term of 480 months composed of the statutory minimum sentence of 120 months for Count One, 60 months to serve consecutive as to Count Four, and 300 months to serve consecutive as to Count Nine. A five-year term of supervised release was imposed as to each offense, to serve concurrently (doc. 82).

Jones is now 46 years old. He is incarcerated at FCI Williamsburg in Salters, South Carolina and his release date is May 21, 2043. He has served approximately 12 years of his sentence. At present, 14 inmates and 43 staff members have tested positive for Covid 19, 3 inmates have died, and 174 inmates and 4 staff members have recovered. https://www.bop.gov/coronavirus/ (last visited March 2, 2021).

  II.  Motion for Compassionate Release

  A.  Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Jones submitted a request to the Warden on November 30, 2020. The request was denied December 22, 2020 (doc. 114, p. 7-8). Therefore, Jones has met the statutory prerequisites for consideration. Additionally, the United States does not dispute that Jones' request is properly before the Court (doc. 118, p. 15).

B. <u>Argument</u>

With respect to extraordinary and compelling reasons, Jones argues that the treatment he receives for prostate and thyroid disease "has side effects that could be fatal if [he] were to be infected with the Covid-19 virus" (doc. 114, p. 3). Additionally, relying upon guidance from the Centers for Disease Control and Prevention, Jones argues that his twenty-year history of smoking places him at higher risk of serious illness or death if he contracts Covid 19 (doc. 117).

Jones also argues that his 480-month sentence would not be allowed today because the First Step Act of 2018 amended 18 U.S.C. § 924(c) to eliminate "stacking" of firearms offenses charged in the same indictment (doc.114).[1] Jones points out that his firearms-related offenses and his methamphetamine-related offenses were charged in the same indictment and he was sentenced to serve his two firearms sentences – 60 months and 300 months - consecutive to his 120-month sentence for conspiracy to manufacture methamphetamine, and consecutive to each other, for a total of 480 months. Jones argues that if he were sentenced today, his sentence would be no more than 180 months (Id.) (doc. 117). He points out that before this conviction, he had not been convicted of a felony or any serious offense (doc. 117).

---

[1] The First Step Act amended 18 U.S.C. § 924(c)(1)(C) as follows: "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final.'" First Step Act of 2018, § 403(a) Pub. L. No. 115-391, 132 Stat. 5194.

With respect to rehabilitation, Jones states he has obtained a GED and completed 37 education courses (doc. 114). In support, Jones provides a copy of his Inmate Education Data (doc. 114, p. 5-6). With respect to a release plan, Jones will reside with his daughter and work for a concrete contractor (doc. 117).

The United States concedes that based upon guidance from the CDC, Jones' history of smoking does place him at increased risk and agrees that he has shown an extraordinary and compelling reason to reduce his sentence (doc. 118, p. 16). The United States also confirms Jones' medical diagnoses but disputes his argument that the treatment for his thyroid and prostate conditions place him at increased risk of severe illness should he contract Covid 19 (Id., p. 15-16). The United States also disputes Jones' argument that the length of his sentence makes him eligible for a sentence modification (Id., p. 16, n. 3).[2]

However, the United States argues that Jones' motion should be denied because of the seriousness of his offenses (doc. 117, p. 16). The United States points out that Jones had a network of people involved in his methamphetamine manufacturing conspiracy, a small armory of firearms ready to defend his conspiracy, and his "conduct was extensive, involving over two kilograms of methamphetamine and involved minimal regard for human life." (Id.) The United States asserts that Jones' young son was exposed to methamphetamine while under his care and subsequently hospitalized. The United States also argues that Congress required serious punishment for Jones' serious crimes, which resulted in Jones' receiving the mandatory minimum sentence for each offense. The United States argues that Jones' sentence is fair, appropriate and necessary to deter crime and protect the community and should not be reduced to time served. (Id., p. 17) (citing 18 U.S.C. § 3553(a)).

---

[2] The United States presumes that Jones argues his lengthy sentence "constitutes one of the 'Other Reasons' for compassionate release described in U.S.S.G. § 1B1.13, app. note 1(D)" (doc 118, p. 16, n.3).

C. <u>Analysis</u>

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). <u>See</u> <u>United States v. Pubien</u>, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020) (citing 18 U.S.C. § 3582(c)). On relevant part, 18 U.S.C. § 3582(c)(1)(A) provides for reduction of a sentence if "extraordinary and compelling reasons warrant such a reduction" or where "the defendant is at least 70 years of age, has served at least 30 years in prison" and other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i) and (ii). Since Jones is 46 years old, only subparagraph (i) could apply.

The compassionate release provision in subparagraph (i), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, <u>see supra</u>, ¶ A, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and the duty to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Congress also stated that

"[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." Id.

In response to these statutorily mandated duties and before the First Step Act was enacted, the Sentencing Commission promulgated the following policy statement, with criteria and examples:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

With respect to extraordinary and compelling reasons, the United States concedes that based upon CDC guidance Jones' history of smoking constitutes an extraordinary and compelling reason to reduce his sentence during the Covid 19 pandemic. The Application Notes to the Policy Statement include four examples of reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). This reason appears to fall within the criteria of Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).[3]

---

[3] Jones does not allege that he has a terminal illness, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such

Even though Jones has met his burden to show extraordinary and compelling reasons which warrant a sentence reduction, the Court must still consider the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) ("the court . . . may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)."). In that regard, the Court has considered Jones' history and characteristics. 18 U.S.C. § 3553(a)(1). Jones completed the ninth grade and prior to his involvement with methamphetamine, was self-employed as a roofing contractor for approximately thirteen years. Four children were born to Jones' marriage and a fifth child was born during separation from his wife. The Court also notes that Jones admitted his long-standing addiction to illegal substances and his need for drug treatment.

The Court has also considered Jones' history and characteristics. 18 U.S.C. § 3553(a)(1). Prior to the offenses of conviction, Jones had been convicted of two domestic violence offenses – one at age 18 and one at age 30, convicted for unlawful distribution of a controlled substance at age 19, and contempt of municipal court at age 28. Jones' criminal history resulted in a category I.

The Court has also reviewed the record and ascertained that Jones provided information regarding approximately twenty persons involved in methamphetamine manufacturing and distribution, many of whom were indicted in this Court (doc. 95). Although the United States ultimately decided that Jones' information did not constitute substantial assistance and declined to file a motion pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35, the Court considers Jones' attempt to provide substantial assistance as part of his history and characteristics.

The Court has also considered the nature and circumstances of Jones' offenses. 18 U.S.C. § 3553(a)(1). According to the factual resume, Jones was engaged in an extensive methamphetamine manufacturing and distribution conspiracy. When he was arrested, substantial supplies for

---

that his ability to provide self-care in prison is substantially diminished. He does not allege that his family circumstances meet the criteria, or that he meets the age requirement (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II)&(III), (B) & (C).

manufacturing were found on the property along with illegal drugs including methamphetamine, and other drug paraphernalia. Three pistols were recovered from a dresser and two shotguns and four rifles were found in a closet. Although a significant number of firearms were found at the residence, there was no evidence that Jones engaged in violent conduct or made any threats of using the firearms to protect or carry out the conspiracy.

The Court has also considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The Court acknowledges that Congress did not make the amendment to 18 U.S.C. § 924(c) retroactive.[4] However, the Court may still consider that if Jones were sentenced today, he would not be subject to a 25-year consecutive sentence as to Count Nine. In other words, if he were sentenced today, he would face a mandatory minimum of 20 years, not 40 years.

Without dispute, Jones engaged in substantial criminal conduct. However, the relevant factors weigh in favor of a reduction of sentence to time served. Specifically, a 40-year sentence for a defendant with a criminal history category of I and no evidence of violence or threats in the instant offense is not warranted. The Court finds that the reduced sentence, with the first year of supervised release to be served in home incarceration on electronic monitoring, is sufficient but not greater than necessary to meet the purposes of 18 U.S.C. 3553(a)(2). Specifically, "to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense" as well as to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1) and (a)(2)(A), (B), & (C).

---

[4] "Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting ''violation of this subsection that occurs after a prior conviction under this subsection has become final''. First Step Act of 2018, Pub. L. 115-391, § 403(a), 132 Stat. 5194, 5239.

The Sentencing Commission also requires a determination "that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2) (Policy Statement). Jones provides his Inmate Education Data showing the educational courses he has taken and that he obtained his GED while incarcerated (doc. 114, p. 5-6). Also, as part of his release plan, Jones states that he has obtained employment with a concrete contractor and provides the name and number should verification be necessary (doc. 117, p. 2). All of which contribute to a lower likelihood of recidivism. The United States raises no argument with respect to this requirement, except to assert that the lengthy sentence is necessary to protect the community. The Court has considered the § 3142(g) factors and the record and finds that Jones would not be a danger to the safety of any other person or to the community. Additionally, the conditions of supervised release, including the initial year on home incarceration with electronic monitoring, will mitigate any risk presented by Jones' release. Additionally, should he not meet his conditions of supervision, the Court may revoke his supervised release.

DONE this the 8th day of March 2021.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**